MARY DRYOVAGE, Bar No. 112551
Law Offices of Mary Dryovage
    600 Harrison Street, Suite 120
    San Francisco, CA 94107
    Telephone:  415-593-0095
    Facsimile:  415-593-0096
    Email:  mdryovage@igc.org

MARK D. ROTH, General Counsel (*Pro Hac Vice*)
GONY FRIEDER, Staff Counsel (*Pro Hac Vice*)
American Federation of Government Employees, AFL-CIO
    80 F Street, NW
    Washington, DC 20001
    Telephone:  202-639-6434
    Facsimile:  202-639-6441
    Email:  friedg@afge.org

Attorneys for Plaintiffs AFGE Local 1 and John Gavello

JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ANDREW Y.S. CHENG (SBN 164613)
Assistant United States Attorney
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6813
    Facsimile:  (415) 436-6748
    Email:  andrew.cheng@usdoj.gov

Attorneys for Federal Defendant Kip Hawley, et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFGE) LOCAL 1 & JOHN GAVELLO,<br><br>    Plaintiffs,<br><br>v.<br><br>KIP HAWLEY, Administrator, TRANSPORTATION SECURITY ADMINISTRATION; U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. C 04-1274 CW (MEJ)<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER |

Stipulation and Agreement for Compromise and Settlement
*AFGE Local 1 and Gavello v. Hawley*, C 04-1274 CW (MEJ)

Page 1

## AGREEMENT OF COMPROMISE AND SETTLEMENT

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs John Gavello ("Gavello") and American Federation of Government Employees, Local 1, AFL-CIO ("AFGE Local 1"), their attorneys – Gony Frieder Goldberg and Mary Dryovage and defendant Kip Hawley, Administrator, Transportation Security Administration (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned case, *American Federation of Governmental Employees, Local 1 and John Gavello v. Kip Hawley, et al.*, No. C 04-1274 CW (MEJ), under the terms and conditions set forth herein.

2. The effective date of this Agreement (Agreement Effective Date) is the date on which all Parties to this Agreement have signed and dated the Agreement.

3. In full satisfaction of all claims against the Federal Defendant, the Federal Defendant will provide Gavello and AFGE Local 1, a payment of Eighty Thousand and no cents ($80,000.00). Payment of the settlement amount will be within 120 days of the Court's execution of the parties' Agreement absent exigent circumstances.

4. The plaintiffs and their heirs, executors, administrators, assigns and attorneys hereby agree to accept the payment in full and final settlement and satisfaction of the claims raised in the above-entitled action under the terms and conditions set forth herein.

5. The payment of $40,000.00 shall be made payable to John Gavello; the remaining payment of $40,000 shall be made payable to Mary Dryovage and the AFGE Legal Representation Fund. Both checks shall be mailed via certified mail to the following address: Mary Dryovage, Esq., Law Offices of Mary Dryovage, 600 Harrison Street, Suite 120, San Francisco, CA 94107.

6. Neither plaintiffs nor any of their attorneys may make any additional claim for attorney's fees or other costs against the Federal Defendant, the United States, their agents, servants, or employees. If an action is needed to enforce this Agreement, plaintiffs reserve their right to make a claim for appropriate attorney's fees.

7. In consideration of the payment referred to in paragraph 3, the plaintiffs agree that

1   they will immediately upon execution of this agreement, execute a Stipulation of Dismissal,
2   which stipulation shall dismiss, with prejudice, all claims asserted or any claims that could have
3   been asserted in the above-captioned case. The fully executed Stipulation of Dismissal will be
4   held by counsel for the Federal Defendant and will be filed with the Court upon receipt by
5   plaintiffs' counsel of the settlement amount and receipt of the corrected Official Personnel File
6   for John Gavello.

7       8.   In consideration of the payment referred to in paragraph 3, plaintiffs Gavello and
8   AFGE hereby release and forever discharge the Federal Defendant and any and all of its past and
9   present officials, employees, agents, attorneys, successors, and assigns from any and all
10  obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature
11  whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason
12  of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof,
13  resulting from the facts, circumstances and subject matter that gave rise to the complaint,
14  including all First Amendment claims, all constitutional claims, or any other claim Gavello and
15  AFGE could have asserted regarding Gavello's employment with the Federal Defendant during
16  the time period of March 1, 2003 to February 26, 2004.

17      9.   The Department of Homeland Security and United States shall take no further
18  action, civil or criminal in nature, with respect to the February 2004 allegation that plaintiff
19  Gavello released Security Sensitive Information.

20      10.   Plaintiff Gavello will be provided a corrected Form SF-50 which reflects that
21  Plaintiff resigned from his position for personal reasons, effective February 26, 2004 and place it
22  in Official Personnel File of John Gavello. The Federal Defendant agrees that it will remove all
23  adverse documentation from Plaintiff's Official Personnel File, including any reference to
24  Plaintiff's removal, the letter of warning, and placement on administrative leave and will provide
25  a copy of the corrected Official Personnel File of John Gavello within 90 days of the Agreement
26  Effective Date to the Law Office of Mary Dryovage. The Federal Defendant will retain any
27  documents related to the Plaintiff's removal in the Office of Chief Counsel's litigation file; and
28  these privileged documents will not be released beyond the Federal Records Center, Office of

Chief Counsel, and TSA's attorneys without Plaintiffs' permission.

11. For a period of five (5) years commencing with the Agreement Effective Date, Plaintiff will direct prospective employers to contact Employee Relations Specialist Anthony Mitchell or his successors, in writing or by telephone at 571-227-2530, regarding his TSA employment. If so contacted, the Employee Relations Specialist or his designee will provide no more than Plaintiff's job title, time of service, duty station, pay band, and job description. For written references, the Employee Relations Specialist or his designee will provide no more than a copy of the SF-50 reflecting Plaintiff's resignation from the Agency. The only person authorized to speak on behalf of TSA will be the Employee Relations Specialist or his/her designee. This section does not apply when Plaintiff consents in writing to the release of other information (such as an SF 86). When Plaintiff consents in writing to the release of other information (such as in an SF 86), Plaintiff agrees to hold TSA harmless.

12. The provisions of California Civil Code Section 1542 are set forth below:
   A general release does not extend to claims which the creditor does not know or suspect
   to exist in his favor at the time of executing the release, which if known by him must
   have materially affected his settlement with the debtor.

The plaintiffs having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiffs understand that if the facts concerning the plaintiffs' injury and the liability of the Federal Defendant, or the Federal Defendant's agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

13. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability, fault, wrong-doing, or violation of law, rules or regulations on the part of the Federal Defendant or his agents, servants, or employees.

14. This agreement may be pled as a full and complete defense to any action or other

proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

15. If any withholding or income tax liability is imposed upon plaintiffs based on payment of the settlement sum as set forth in Paragraph 3, plaintiffs shall be solely responsible for paying any such liability. The Federal Defendant will not withhold any taxes of any kind. The determination of plaintiffs' tax liability, if any, is a matter solely between plaintiffs, their attorneys, the IRS and/or state and local tax authorities.

16. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

17. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

21. The parties agree to accept facsimile transmission signatures as though they were original signatures on this document.

Stipulation and Agreement for Compromise and Settlement
*AFGE Local 1 and Gavello v. Hawley*, C 04-1274 CW (MEJ)                                    Page 5



22. This Agreement for Compromise and Settlement may not be modified except by a writing signed by each party or that party's agent.

23. The signatories to this agreement have actual authority to bind the parties.

FOR THE PLAINTIFFS:

Dated: July 31, 2008

JOHN GAVELLO
Plaintiff

Dated: July 31, 2008

JOHN GAGE, President
AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES, AFL-CIO
Plaintiff AFGE, Local 1

Dated: July 31 '08

By:
GONY FRIEDER GOLDBERG
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO
Attorney for Plaintiff

Dated: Aug 1, 2008

By:
MARY DRYOVAGE
Attorney for Plaintiffs

FOR THE DEFENDANT:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: Aug. 4, 2008

By:
ANDREW Y.S. CHENG
MICHAEL T. PYLE
Assistant United States Attorneys
Attorneys for the Federal Defendant

PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,

APPROVED AND SO ORDERED:

The Court further orders that the last date for providing the consideration for the

1  settlement is extended to 120 days from the date of this Order.

Dated:  8/6/08                    _____
                                  CLAUDIA WILKEN
                                  United States District Judge

Stipulation and Agreement for Compromise and Settlement
*AFGE Local 1 and Gavello v. Hawley*, C 04-1274 CW (MEJ)                              Page 7